WILL OF KUTTIG: KUTTIG, Appellant, vs. PETERSON, Respondent.

*December 5, 1951—January 8, 1952.*

416

The cause was submitted for the appellant on the briefs of *Harold H. Fuhrman* of Milwaukee.

For the respondent there was a brief by *Hippenmeyer & Callow* of Waukesha, and oral argument by *Richard S. Hippenmeyer*.

MARTIN, J.   It is alleged in the petition that the assignment of interest filed on December 10, 1947, was signed by appellant as a blank piece of paper; that she did not authorize her attorney to withdraw her objections to the probate or her claims against the estate. Counsel contends, therefore, that the order closing the estate was procured by fraud upon the court and should be vacated.

If there was any fraud, it was not a fraud upon the court. The court has the right to rely upon papers and documents filed with it. The fraud, if any, lies elsewhere.

In the interval between the filing of appellant's objections and the order closing this estate, negotiations were had in an attempt to make a settlement between appellant and respondent. Attorneys for respondent prepared a form of release and assignment of interest which they transmitted by mail to William A. Hyde on September 16, 1946. The last paragraph of the release contained the following language:

"In witness whereof I have hereunto set my hand and seal this ———— day of ————, 1946."

The signed document, which is objector's Exhibit 2 in the record, shows the typewritten insertion of "5th" in the first blank, "December" in the second blank, and "7" typed

over an erasure of the last digit in 1946. The assignment of interest contained the language "Dated this —————— day of September, 1946." The signed document, objector's Exhibit 1 in the record, shows that "5th" was inserted in the blank space, "December" was typed over an erasure, and "7" over the erasure of the last digit in 1946.

The documents, as prepared by respondent's attorneys, were accompanied by a letter dated September 16, 1946, stating:

"In regard to your proposed settlement between Mrs. Kuttig and Mrs. Peterson, we are inclosing form of general release to be signed by Mrs. Kuttig and we are inclosing assignment of interest in the Kuttig estate and waiver of any required notices in said estate proceedings."

The preparation of the documents, as recited above, was testified to by Mrs. Jean Martin, the stenographer who typed them in the office of respondent's attorneys.

On December 5, 1947, appellant executed an agreement drawn by her attorneys, which provided that respondent should execute and deliver to appellant a quitclaim deed conveying her interest in the real estate in Colgate; that appellant should have a $1,500 mortgage executed by Anton and Kate Mueller to Ernest and Katherine Kuttig; that appellant should make a will giving all her estate to Robert Peterson and binding herself by the agreement not to revoke or alter said will; that appellant should assign to respondent all her interest in the assets of the Ernest Kuttig estate; that appellant release all claims, actions, and causes of action she might have by reason of the trust agreement executed by Ernest Kuttig. This agreement was forwarded to respondent's attorneys by Ray C. Twining with a letter stating:

". . . I have drawn and have had Mrs. Kuttig sign an agreement in duplicate . . . and have had Mrs. Kuttig execute the release in the trust-agreement matter and an

assignment of her interest in the estate *on the forms that you prepared and submitted to Mr. Hyde long ago.*

"I am inclosing the duplicate agreements herewith and if you can conveniently get Mrs. Peterson's signature on the same before Wednesday, I would appreciate it very much. I am now planning to be in Waukesha at that time and will have with me and ready for delivery the assignment, release, withdrawals of objections to the will and claims filed by Mrs. Kuttig, and Mrs. Kuttig's will, completed and ready for delivery in exchange for the deed from Mrs. Peterson."

At the hearing on September 21, 1950, appellant was questioned regarding the execution of the agreement referred to above, her will made on December 5, 1947, in accordance with the terms of the agreement, the assignment of interest, and the release. In each instance she testified that the signature on the document was her signature, but that she had signed blank pieces of paper. When she was shown page 15, the signature page, of her petition in support of the order to show cause, she said she had never seen it before, although she said she had never signed blank pieces of paper in Mr. Fuhrman's office.

The testimony is obviously unworthy of belief, and the trial court could draw no other conclusion than that the documents in question were valid.

Counsel also contends that the trial court erred in refusing to honor the affidavit of prejudice offered at the hearing on September 21, 1950. We have examined the record and find that the affidavit was offered some time after the hearing had begun. The court had already found that the papers in question had been drawn up at the time appellant signed them. It was not seasonably filed and the trial court correctly ruled that it was too late. In order for an affidavit of prejudice to be timely, it must be filed before any proceedings have been had in the matter then set for hearing. See *Swineford v. Pomeroy* (1863), 16 Wis. *553.

420

In view of our decision on the above questions, it is unnecessary to consider other assignments of error.

*By the Court.*—Order affirmed.